IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI M. KREIDER,<br>　　　　　Plaintiff<br><br>v.<br><br>DETECTIVE ROLAND W. BREAULT<br>and CITY OF LANCASTER,<br>　　　　　Defendants | CIVIL ACTION – LAW<br><br>No. 5:10-3205<br><br>(Honorable William H. Yohn, Jr)<br><br>ELECTRONICALLY FILED |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT CITY OF LANCASTER

AND NOW, Defendant City of Lancaster by its attorneys, Thomas, Thomas & Hafer, LLP, files this Answer and Affirmative Defenses in response to Plaintiff's Complaint as follows:

1.　After a reasonable investigation, Defendant City of Lancaster is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 and proof thereof is demanded.

2.　Admitted.

3.　Denied as stated. Although it is admitted that Defendant Breault is a police officer with the City of Lancaster Police Department,

Defendant Breault was acting on behalf of the United States Marshal Service Joint Fugitive Task Force at the time of the alleged incident. The remaining averments of Paragraph 3 state conclusions of law to which no answer is required under the Rules of Civil Procedure.

4. The averments of Paragraph 4 state conclusions of law to which no answer is required under the applicable Rules of Civil Procedure. To the extent an answer is required, Defendant City of Lancaster avers that it properly tested, hired, trained, disciplined and supervised members of the City of Lancaster Police Department, including Defendant Breault.

5. Denied as stated. Although it is admitted that Defendant Breault is a police officer with the City of Lancaster Police Department, Defendant Breault was acting on behalf of the United States Marshal Service Joint Fugitive Task Force at the time of the alleged incident. The remaining averments of Paragraph 5 state conclusions of law to which no answer is required under the Rules of Civil Procedure.

6. Denied as stated. Although it is admitted that Defendant Breault is a police officer with the City of Lancaster Police Department, Defendant Breault was acting on behalf of the United States Marshal Service Joint Fugitive Task Force at the time of the alleged incident. The

remaining averments of Paragraph 6 state conclusions of law to which no answer is required under the Rules of Civil Procedure.

7. The averments of Paragraph 7 state conclusions of law to which no answer is required under the applicable Rules of Civil Procedure. To the extent an answer is required, Defendant City of Lancaster avers that it properly tested, hired, trained, disciplined and supervised members of the City of Lancaster Police Department, including Defendant Breault.

8. Denied as stated. Although it is admitted that Defendant Breault is a police officer with the City of Lancaster Police Department, Defendant Breault was acting on behalf of the United States Marshal Service Joint Fugitive Task Force at the time of the alleged incident. The remaining averments of Paragraph 8 state conclusions of law to which no answer is required under the Rules of Civil Procedure.

9. The averments of Paragraph 9 state conclusions of law to which no answer is required under the applicable Rules of Civil Procedure.

10. Denied as stated. Although it is admitted that Plaintiff, Lynn Kreider and Kyjuan Shivers were at 806 Highland Avenue, Lancaster, PA at the time in question, after reasonable investigation, Defendant City of Lancaster is without knowledge or information sufficient to form a belief as

to the truth of the remaining averments of Paragraph 10 and proof thereof is demanded.

11. Denied as stated. Although it is admitted that the United States Marshal Service Joint Fugitive Task Force attempted to make contact with the persons inside the residence, after reasonable investigation, Defendant City of Lancaster is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 11 and proof thereof is demanded.

12. Denied.

13. Denied. After a reasonable investigation, Defendant City of Lancaster is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 13 and proof thereof is demanded.

14. Denied as stated. Although it is admitted that numerous announcements were made from the law enforcement vehicle that was parked outside of 806 Highland Avenue, the remaining averments of Paragraph 14 are denied.

15. Denied as stated. By way of answer, Kyjuan Shivers, who was the subject of an arrest warrant, was observed at an upstairs window on the premises. Although it is admitted that a battering ram was used to

open the front door of the residence after the occupants of the residence refused to exit the premises, the remaining averments of Paragraph 15 are denied as stated. When law enforcement officers entered the residence, Plaintiff was advised that a warrant was issued for the arrest of Kyjuan Shivers. After Plaintiff denied Shivers' presence in the residence, law enforcement officers began to proceed up the stairs to the upper floors of the residence. Plaintiff then physically blocked the law enforcement officers from proceeding up the steps and began yelling at the law enforcement officers. At that point, Plaintiff was placed under arrest and reasonable force under the existing circumstances was used to restrain Plaintiff.

16. Denied as stated. By way of answer, Plaintiff was placed under arrest and reasonable force under the existing circumstances was used to restrain Plaintiff.

17. Denied as stated. By way of answer, Plaintiff was placed under arrest and reasonable force under the existing circumstances was used to restrain Plaintiff.

18. Denied. Although it is admitted that Plaintiff was placed under arrest at that time, Defendant City of Lancaster denies that Plaintiff was assaulted or that excessive force under the existing circumstances was

used to restrain Plaintiff. Defendant City of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

19. Denied as stated. By way of answer, it is admitted that Plaintiff was charged with hindering apprehension or prosecution and obstructing administration of justice or other governmental function.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## COUNT I

25. By way of answer, Defendant City of Lancaster incorporates herein by reference the averments and denials contained in Paragraphs 1 through 24 of this Answer and Affirmative Defenses.

26 - 30. The averments of Paragraphs 26 through 30 assert claims against a party other than Defendant City of Lancaster and no answer is required under the applicable Rules of Civil Procedure. By way of further answer, Defendant City of Lancaster avers that Defendant Breault was acting on behalf of the United States Marshal Service Joint Fugitive Task Force at the time of the alleged incident. Furthermore, no private cause of

action exists against Defendant City of Lancaster under the Pennsylvania Constitution.

## COUNT II

31. By way of answer, Defendant City of Lancaster incorporates herein by reference the averments and denials contained in Paragraphs 1 through 30 of this Answer and Affirmative Defenses.

32. Denied. Defendant City of Lancaster Specifically denies that it had any policy, custom or practice of condoning or acquiescing in the use of excessive force by its officers. By way of further answer, to the contrary, Defendant City of Lancaster specifically prohibits the use of excessive force. Defendant City of Lancaster denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Furthermore, Defendant City of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

33. Denied. By way of answer, Defendant City of Lancaster, properly trains, supervises and disciplines police officers with respect to appropriate use of physical force. Defendant City of Lancaster denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Furthermore, Defendant City

of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

34. Denied. By way of answer, Defendant City of Lancaster specifically denies that it was deliberately indifferent to the rights of its citizens. Defendant City of Lancaster denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Furthermore, Defendant City of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

35. Denied. Defendant City of Lancaster specifically denies that its policies, customs or practices resulted in the violation of any of Plaintiff's constitutional rights. By way of further answer, Defendant City of Lancaster avers that it properly trains, supervises and disciplines police officers with respect to appropriate use of physical force. Defendant City of Lancaster further denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Defendant City of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

36. Denied. Defendant City of Lancaster specifically denies that its policies, customs or practices resulted in the violation of any of Plaintiff's constitutional rights. By way of further answer, Defendant City of Lancaster

avers that it properly trains, supervises and disciplines police officers with respect to appropriate use of physical force. Defendant City of Lancaster further denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Defendant City of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

37. Denied. Defendant City of Lancaster specifically denies that its policies, customs or practices resulted in the violation of any of Plaintiff's constitutional rights. By way of further answer, Defendant City of Lancaster avers that it properly trains, supervises and disciplines police officers with respect to appropriate use of physical force. Defendant City of Lancaster further denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Defendant City of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

38. Denied. Defendant City of Lancaster specifically denies that its policies, customs or practices resulted in the violation of any of Plaintiff's constitutional rights. By way of further answer, Defendant City of Lancaster avers that it properly trains, supervises and disciplines police officers with respect to appropriate use of physical force. Defendant City of Lancaster

further denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Defendant City of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

39. Denied. Defendant City of Lancaster specifically denies that its policies, customs or practices resulted in the violation of any of Plaintiff's constitutional rights. By way of further answer, Defendant City of Lancaster avers that it properly trains, supervises and disciplines police officers with respect to appropriate use of physical force. Defendant City of Lancaster further denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Defendant City of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

40. Denied. Defendant City of Lancaster specifically denies that its policies, customs or practices resulted in the violation of any of Plaintiff's constitutional rights. By way of further answer, Defendant City of Lancaster avers that it properly trains, supervises and disciplines police officers with respect to appropriate use of physical force. Defendant City of Lancaster further denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Defendant City of

Lancaster avers that only reasonable force was used to take Plaintiff into custody.

41. Denied.

42. Denied. Defendant City of Lancaster specifically denies that its policies, customs or practices resulted in the violation of any of Plaintiff's constitutional rights. By way of further answer, Defendant City of Lancaster avers that it properly trains, supervises and disciplines police officers with respect to appropriate use of physical force. Defendant City of Lancaster further denies that Plaintiff was assaulted or that excessive force under the existing circumstances was used to restrain Plaintiff. Defendant City of Lancaster avers that only reasonable force was used to take Plaintiff into custody.

WHEREFORE, Defendant City of Lancaster requests that Plaintiff's Complaint be dismissed and judgment be entered in its favor.

## COUNT III

43. By way of answer, Defendant City of Lancaster incorporates herein by reference the averments and denials contained in Paragraphs 1 through 42 of this Answer and Affirmative Defenses.

44 - 48. The claims contained in Count III state claims against parties other than Defendant City of Lancaster to which no answer is

required. To the extent an answer is required, Defendant City of Lancaster specifically avers that it is immune from liability for any claims for assault and battery pursuant to the terms of the Pennsylvania Political Subdivision Tort Claims Act.

WHEREFORE, Defendant City of Lancaster requests that Plaintiff's Complaint be dismissed and judgment be entered in its favor.

### COUNT IV

49. By way of answer, Defendant City of Lancaster incorporates herein by reference the averments and denials contained in Paragraphs 1 through 48 of this Answer and Affirmative Defenses.

50 - 54. The claims contained in Count IV state claims against parties other than Defendant City of Lancaster to which no answer is required. To the extent an answer is required, Defendant City of Lancaster specifically avers that it is immune from liability for any claims for assault and battery pursuant to the terms of the Pennsylvania Political Subdivision Tort Claims Act.

WHEREFORE, Defendant City of Lancaster requests that Plaintiff's Complaint be dismissed and judgment be entered in its favor.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant City of Lancaster avers that it acted in a good faith belief that its actions were constitutional and such belief was reasonable under the circumstances. Plaintiff's claims are barred by the doctrine of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant City of Lancaster did not deprive or cause the deprivation of any of Plaintiff's federally protected rights under the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendant City of Lancaster cannot be held liable for the alleged violation of Plaintiff's civil rights, which is specifically denied, to the extent that Plaintiff attempts to hold it liable for the actions of others since it cannot be held liable under 42 U.S.C.A. § 1983 for such conduct under the Doctrine of Respondeat Superior.

## FIFTH AFFIRMATIVE DEFENSE

5. Defendant City of Lancaster did not adopt any policy, practice or custom that caused the alleged violation of Plaintiff's civil rights under the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

6. Defendant City of Lancaster asserts any and all defenses available to it under 42 U.S.C.A. § 1983.

## SEVENTH AFFIRMATIVE DEFENSE

7. Defendant City of Lancaster asserts as an affirmative defense the averments and denials set forth in this Answer to the Complaint, which are incorporated herein as an Affirmative Defenses by reference thereto.

## EIGHTH AFFIRMATIVE DEFENSE

8. It is specifically denied that any act or omission on the part of Defendant City of Lancaster caused or contributed to any of Plaintiff's alleged injuries or damages.

## NINTH AFFIRMATIVE DEFENSE

9. No act or failure to act on the part of Defendant City of Lancaster was a substantial factor in bringing about any of Plaintiff's alleged injuries or damages.

## TENTH AFFIRMATIVE DEFENSE

10. Defendant City of Lancaster did not violate Plaintiff's constitutional rights under the United States Constitution based upon the existing circumstances and Plaintiff's actions.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff was in whole or in part responsible for her own injuries and damages due to her own acts, failures to act or conduct.

## TWELFTH AFFIRMATIVE DEFENSE

12. Any award of punitive damages under the facts, circumstances and statutes here involved would be unconstitutional pursuant to the Pennsylvania and United States Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendant City of Lancaster is immune from Plaintiff's state tort claims under the applicable provisions of the Pennsylvania Political Subdivision Tort Claims Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. At all times relevant hereto, the policies, customs and practices of Defendant City of Lancaster were reasonable and appropriate and insured the protection of all rights and privileges of the public, including Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred or limited, in whole or in part by reason of Plaintiff's contributory negligence or unlawful actions.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. At all relevant times, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendant City of Lancaster did not act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner at any time relevant to this matter.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendant City of Lancaster avers that only such force was used as was reasonable and necessary under the existing circumstances and such force was justified under federal laws and the laws of the Commonwealth of Pennsylvania.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred in whole or in part by the Pennsylvania Political Subdivision Tort Claims Act.

### TWENTIETH AFFIRMATIVE DEFENSE

20. No private cause of action exists against Defendant City of Lancaster under the Pennsylvania Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Defendant City of Lancaster did not act with deliberate indifference toward Plaintiff at any time relevant hereto.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. All of the officers of the police department of the Defendant City of Lancaster are trained pursuant to the requirements of the laws of the Commonwealth of Pennsylvania which includes training with respect to use of force, seizure of persons and entry into premises in accordance with the laws of the United States and the Commonwealth of Pennsylvania.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Defendant City of Lancaster believes and avers that Plaintiff's alleged injuries existed prior to the time of the alleged incident.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Defendant City of Lancaster cannot be held liable for punitive damages to Plaintiff.

THOMAS, THOMAS, & HAFER, LLP

/s/ David L. Schwalm
David L. Schwalm, Esquire
Attorney I.D. No. 32574
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108
(717) 255-7643

Date: August 27, 2010

## CERTIFICATE OF SERVICE

I, David L. Schwalm, Esquire of Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon all counsel of record was served upon all counsel of record in the manner and on the date set forth below:

By the Eastern District Court via Electronic Filing:

| | |
|---|---|
| Jeffrey Philip Paul, Esquire | jeffpaul@dejazzd.com |
| Margaret L. Hutchinson, Esquire | Margaret.hutchinson@usdoj.gov |
| Stacey L.B. Smith, Esquire | Stacey.smith@usdoj.gov |

**THOMAS, THOMAS, & HAFER, LLP**

/s/ David L. Schwalm
David L. Schwalm, Esquire
Attorney I.D. No. 32574
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108
(717) 255-7643

Date: August 27, 2010