# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LORI M. KREIDER, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 10-3205 |
| v. | : | |
| | : | |
| DETECTIVE ROLAND W. BREAULT, | : | |
| UNITED STATES OF AMERICA, and | : | |
| CITY OF LANCASTER, | : | |
| | : | |
| Defendants. | : | |

## Memorandum

YOHN, J.                                                    August 15, 2012

Defendant Detective Roland W. Breault has filed a second motion for summary judgment

under Federal Rule of Civil Procedure 56 in this civil-rights action brought against him, the

United States of America (collectively, the "federal defendants"),[1] and the City of Lancaster. On

January 12, 2012, I granted in part and denied in part the federal defendants' first motion for

summary judgment. *See Kreider v. Breault*, No. 10-3205, 2012 U.S. Dist. LEXIS 4268 (E.D. Pa.

Jan. 12, 2012). Detective Breault now argues that because I granted summary judgment in favor

of the United States with respect to a single count of the complaint—a common law tort claim

for intentional infliction of emotional distress—the judgment-bar provision of the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 2676, constitutes a complete bar to the remaining

---

[1] Detective Breault is a police officer with the Lancaster City Bureau of Police who was
acting as a federally deputized Special Deputy United States Marshal at all relevant times.

constitutional excessive-force claim against him. While I recognize that my decision today stands against a tide of opinions to the contrary, common sense, an ambiguous statute, and the likelihood of an absurd result compel me to deny Detective Breault's motion.

## I.       Factual Background and Procedural History[2]

My prior memorandum set forth a detailed account of the facts underlying this lawsuit. *Id*. at *1-12. This section, therefore, will address only the facts relevant to the disposition of the motion before me.

On May 6, 2007, plaintiff, Lori M. Kreider, was arrested by Detective Breault. *Id*. at *2. Plaintiff claims that Detective Breault used excessive force in effectuating her arrest and caused her serious and permanent injuries, including trauma to her spine; L4-L5 disc injuries; problems with her bladder; pain at L5-S1; damage to the nerves in her legs and back; arthritis in her back; and pain radiating to her buttocks, legs, and feet; which have required two spinal surgeries to repair.[3] *Id*. at *8-9.

Plaintiff brought a civil action alleging assault and battery (count III) and intentional infliction of emotional distress (count IV) against the United States under the FTCA; excessive force in violation of the Fourth Amendment to the United States Constitution (count I) against Detective Breault;[4] and a *Monell* claim (count II) against the City of Lancaster for failure to properly train and supervise police officers including Detective Breault in the use of force.

---

[2] Except as otherwise noted, the following facts are undisputed.

[3] On May 16, 2012, plaintiff voluntarily withdrew all claims relating to complications in pregnancy and childbirth, as well as all claims relating to psychological or emotional injuries.

[4] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On August 9, 2011, the federal defendants filed a motion for summary judgment as to

counts I, III, and IV. On January 12, 2012, I denied the motion with respect to counts I and III,

but granted it with respect to count IV. I concluded that a rational jury could find Detective

Breault's alleged conduct excessive under the Fourth Amendment's "reasonableness standard,"

*Graham v. Connor*, 490 U.S. 386, 395 (1989), and that material disputes of fact regarding the

extent of the force used by Detective Breault and the circumstances surrounding his use of force

precluded summary judgment for the defendant with respect to count I. *Kreider*, 2012 U.S. Dist.

LEXIS 4268, at *21-22. These same factual disputes made summary judgment with respect to the

assault-and-battery claim (count III) inappropriate. *Id*. at *22-23. I did conclude, however, that

summary judgment was appropriate on the IIED claim (count IV) because unlike an

excessive-force claim and an assault-and-battery claim, which require a showing of unreasonable

force, an IIED claim "requires a showing that the defendants acted in a manner *so outrageous* in

character and *so extreme* in degree as to go beyond all possible bounds of decency and to be

regarded as atrocious and utterly intolerable in a civilized society," *McGreevy v. Stroup*, 413 F.3d

359, 371 (3d Cir. 2005)—too high a hurdle for plaintiff to clear here. *Kreider*, 2012 U.S. Dist.

LEXIS 4268, at *25-26. In addition, summary judgment was warranted with respect to the IIED

claim because plaintiff had failed to produce any "objective proof of severe emotional distress,"

as required under Pennsylvania law. *Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988,

995 (Pa. 1987); *see also Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989)

("Pennsylvania requires that competent medical evidence support a claim of alleged intentional

infliction of emotional distress."). Thus, I entered judgment in favor of the United States and

3

against plaintiff with respect to count IV of the complaint. *Kreider*, 2012 U.S. Dist. LEXIS 4268, at *28.

## II.    Discussion

A motion for summary judgment will be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Detective Breault argues that because I granted partial summary judgment in favor of the United States with respect to plaintiff's IIED claim, the judgment-bar provision of the FTCA, 28 U.S.C. § 2676,[5] constitutes a complete bar to plaintiff's *Bivens* claim (count I). I do not agree that Detective Breault is entitled to judgment as a matter of law.

It is well established that "[w]hen a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (citing *Carlson v. Green*, 446 U.S. 14, 20 (1980)). First, "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court." *Carlson*, 446 U.S. at 18. Alternatively, the "FTCA[, which] was enacted long before *Bivens* was decided, . . . [was] amended . . . in 1974 to create a cause of action against the United States for intentional torts committed by federal law enforcement officers." *Id.* at 19.

These two causes of action have distinct advantages and drawbacks. First, "[t]he obvious advantage to pursuing an FTCA claim is that payment of a successful claim is assured through

---

[5] The statute provides that "[t]he judgment in an action under . . . [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676

the deep pockets of the United States treasury; whereas a successful judgment against an individual defendant may not be satisfied if the defendant lacks sufficient assets." *Sanchez v. Felts*, No. 07-00355, 2011 U.S. Dist. LEXIS 116295, at *5 (S.D. W. Va. Sept. 23, 2011). "Second, . . . punitive damages may be awarded in a *Bivens* suit . . . [b]ut punitive damages in an FTCA suit are statutorily prohibited." *Carlson*, 446 U.S. at 21-22. "Third, a plaintiff cannot opt for a jury in an FTCA action, 28 U.S.C. § 2402, as he may in a *Bivens* suit." *Id.* at 22. Given these differences, the Supreme Court has concluded that the FTCA alone "is not a sufficient protector of the citizens' constitutional rights." *Id.* at 23.

Although an FTCA cause of action and a *Bivens* cause of action are not mutually exclusive, *see Carlson*, 446 U.S. at 20 (concluding that it is "crystal clear" that Congress intended the FTCA cause of action and the *Bivens* cause of action to be "parallel, complementary causes of action"), a plaintiff who pursues both avenues of relief runs "the risk that a judgment on the FTCA claim would nullify the *Bivens* judgment," *Manning v. United States*, 546 F.3d 430, 438 (7th Cir. 2008), under 28 U.S.C. § 2676. Section 2676, the judgment-bar provision of the FTCA, provides that "[t]he judgment in an action under . . . [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. The judgment bar does not prevent a plaintiff from bringing "claims against both the government and the federal officer" but instead "implicate[s] whether one may pursue those claims to judgment." *Manning*, 546 F.3d at 435; *see also Ting v. United States*, 927 F.2d 1504, 1513 n.10 (9th Cir. 1991) (stating that section 2676 "imposes an election of remedies").

"The . . . [judgment] bar was conceived by Congress primarily to prevent dual recoveries

5

arising from additional, subsequent litigation," *Kreines v. United States*, 959 F.2d 834, 838 (9th Cir. 1992), but "Congress also was concerned about the government's ability to marshal the manpower and finances to defend subsequent suits against its employees," *Gasho v. United States*, 39 F.3d 1420, 1437 (9th Cir. 1994). Thus, section 2676 serves twin purposes: "the prevention of dual recoveries and the prevention of multiple lawsuits." *Gasho*, 39 F.3d at 1437 (citing Hearings Before the House Committee on the Judiciary on H.R. 5373 and H.R. 6463, 77th Cong., 2d Sess. 9 (1942)).

Detective Breault's sole argument in his second motion for summary judgment is that plaintiff's *Bivens* claim—count I of the complaint alleging excessive force in violation of the Fourth Amendment to the United States Constitution against Detective Breault—is barred by section 2676. In effect, Detective Breault argues that because his alleged conduct is not "outrageous," "extreme," "atrocious," and "utterly intolerable"—the high standard governing an IIED claim—plaintiff has forfeited any right to proceed against him and show that his actions were nevertheless "unreasonable"—the lesser standard governing her excessive-force claim. In order to reach this conclusion, Detective Breault asks me to accept that the judgment bar "applies regardless of whether plaintiff brings the action against the employee (the *Bivens* claim) within the same suit as the FTCA claims, or attempts to do so thereafter" (Mem. of Law in Supp. of the Mot. of Fed. Def., Detective Roland W. Breault, for Summ. J. Pursuant to 28 U.S.C. § 2676 ("Def.'s Mem.") at 6); that "a *Bivens* claim regarding the same subject matter is barred regardless of whether the final FTCA judgment is rendered in favor of a plaintiff or the government" (*id*. at 7); and that "the FTCA claim and the *Bivens* claim involve 'the same subject matter' [because] they arise out of the same actions, transactions, or occurrences" (*id*. at 8).

6

While several other circuit courts have considered the applicability of the judgment-bar provision in a variety of circumstances,[6] the Third Circuit has not yet had occasion to address the scope of the provision. Therefore, I am not bound by any of the cases that Detective Breault relies upon. I am guided instead by the teachings of the Supreme Court and the Third Circuit with respect to statutory interpretation.

"It is the cardinal canon of statutory interpretation that a court must begin with the statutory language." *In re Phila. Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010). "When the words of a statute are unambiguous, then this first canon is also the last: judicial inquiry is complete." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (internal citations and quotation marks omitted). Thus, "[w]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000), and *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989)).

"[W]hether or not the words of a statute are clear is itself not always clear." *Barbee v. United States*, 392 F.2d 532, 535 n.4 (5th Cir. 1968)). To determine whether a statute is

---

[6]*See, e.g.*, *Unus v. Kane*, 565 F.3d 103, 121-22 (4th Cir. 2009) (same suit, FTCA judgment for United States); *Manning*, 546 F.3d at 431 (same suit, FTCA judgment for United States); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858 (10th Cir. 2005) (same suit, FTCA judgment for plaintiff); *Harris v. United States*, 422 F.3d 322, 333-35 (6th Cir. 2005) (same lawsuit, FTCA judgment for United States); *Farmer v. Perrill*, 275 F.3d 958, 959 (10th Cir. 2001) (different suits, FTCA judgment for United States); *Hoosier Bancorp v. Rasmussen*, 90 F.3d 180, 184-85 (7th Cir. 1996) (different suits, FTCA judgment for United States); *Gasho*, 39 F.3d at 1437 (different suits, FTCA judgment for United States); *Rodriguez v. Handy*, 873 F.2d 814, 816 (5th Cir. 1989)  (same suit, FTCA judgment for plaintiffs);  *Arevalo v. Woods*, 811 F.2d 487, 490 (9th Cir. 1987) (same suit, FTCA judgment for plaintiff).

7

ambiguous, I must "read the statute in its ordinary and natural sense." *Harvard Secured Creditors Liquidation Trust v. IRS*, 568 F.3d 444, 451 (3d Cir. 2009). "A provision is ambiguous only where the disputed language is 'reasonably susceptible of different interpretations.'" *In re Phila. Newspapers*, 599 F.3d at 304 (quoting *Dobrek v. Phelan*, 419 F.3d 259, 264 (3d Cir. 2005)).

With these cannons of statutory interpretation in mind, I turn now to the language of the judgment bar. Section 2676 provides that, "[t]he judgment in an action under . . . [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. The question here is whether section 2676 applies when the judgment on the FTCA claim (a) is not yet final;[7] (b) is favorable to the government; and (c) is in the same lawsuit

---

[7] My previous grant of partial summary judgment is not a final judgment. It is not final in the sense that it terminates the action or even any claim. *Gallant v. Telebrands Corp.*, 35 F. Supp. 2d 378, 393 (D.N.J. 1998) ("Unlike a summary judgment, a partial summary judgment is interlocutory in nature and does not terminate the action as to any of the claims or parties."). Nor is it final in the sense that it cannot be modified. Fed. R. Civ. Pro. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.") Partial summary judgment is not final in the sense that it is not appealable. *Coffman v. Fed. Labs., Inc*., 171 F.2d 94, 98 (3d Cir. 1948) ("[A] partial summary 'judgment' is not a final judgment and, therefore, . . . it is not appealable . . . . The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact.") And my January 12, 2012, order is not a final judgment for claim-preclusion purposes. *Nikituk v. Lieze*, No. 07-3808, 2009 U.S. Dist. LEXIS 119065, at *10 (D.N.J. Dec. 22, 2009) ("The grant of partial summary judgment cannot have claim preclusive effect because, unlike issue preclusion, claim preclusion requires a final judgment." (citing *In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991)).

as a *Bivens* claim arising from the "same subject matter."[8]

In similar, albeit not identical, circumstances, the Ninth Circuit found the language of section 2676 to be ambiguous. In *Kreines*, the plaintiff filed an FTCA claim and a *Bivens* claim in the same action. 959 F.2d at 836. Judgment was entered in favor of the plaintiff on the *Bivens* claim following a jury trial, and judgment for the government on the FTCA claim followed a few months later. *Id*. The federal officials filed a motion to vacate the *Bivens* judgment against them, and the court was confronted with the question "whether § 2676 applies when the judgment on the FTCA claim (a) has become final contemporaneously with the judgment on a *Bivens* claim arising from the 'same subject matter' and (b) has been favorable to the government." *Id*. at 838. The Ninth Circuit concluded that the judgment bar was ambiguous because "[a]lthough the language of the statute refers to a bar of 'any action,' it fails to resolve the question of whether the bar applies to other claims raised in the same action." *Id*. Furthermore, "[t]he text[, which speaks of 'the judgment,'] is ambiguous on the question of whether an FTCA judgment favorable to the government bars a contemporaneous *Bivens* judgment." *Id*. In light of these ambiguities, the Ninth Circuit concluded that "[w]e are thus free, in this narrow context, to consider the possibility that the quality of the FTCA judgment may have a bearing on its effect on contemporaneous judgments." *Id*. The court "resolve[d] the ambiguity by referenc[ing] . . . the intent of Congress." *Id*. Because the FTCA judgment had been favorable to the government and the FTCA and the *Bivens* claims were brought in a single lawsuit, the court concluded that there was no risk of either multiple lawsuits or multiple recoveries, and thus "that § 2676 does not

---

[8] Plaintiff does not dispute that her *Bivens* claim and her FTCA claims arise from the same subject matter. (Mem. of Law of Pl. Lori M. Kreider Contra 2d Mot. of the Fed. Defs. for Summ. J. at 6.)

preclude *Bivens* relief in this case."[9] *Id.*

While other circuit courts have refused to follow the reasoning of *Kreines*, *see, e.g.*, *Manning*, 546 F.3d at 437; *Trentadue*, 397 F.3d at 859; *Harris*, 422 F.3d at 335, I find the approach of the Ninth Circuit to be persuasive. Like the plaintiff in *Kreines*, plaintiff here has brought her *Bivens* claim and her FTCA claims in one lawsuit. 959 F.2d at 836. The case before me is also similar to *Kreines* in that the FTCA judgment is favorable to the government. *Id.* Therefore, it is unclear whether the judgment bar applies in this case.

Before I turn to cannons of statutory interpretation and congressional intent to resolve the ambiguities noted by the Ninth Circuit in *Kreines*, I observe that section 2676 is also ambiguous as to whether a judgment must be final. Section 2676 is triggered by "[t]he judgment in an action under . . . [the FTCA]" but Congress has not defined the word "judgment" anywhere in the United States Code, let alone in the FTCA. *In re Alberts*, 381 B.R. 171, 177-78 (Bankr. W.D. Pa. 2008). It is unclear whether "judgment" as it is used in section 2676 encompasses only final decisions of the court or whether it also encompasses non-final interlocutory decisions. I conclude that "judgment" is "reasonably susceptible of different interpretations" in this respect and therefore ambiguous. *Dobrek*, 419 F.3d at 264.

Detective Breault believes that the term "judgment" embraces a grant of partial summary judgment. My own choice of language lends some support to this interpretation—on January 12,

_____

[9] The Ninth Circuit refused to extend the reasoning of *Kreines* to a case where "the *Bivens* claims were in an action entirely apart from the action containing the FTCA claims," concluding that Congress did not intend "to permit a claimant to have a second chance after losing his FTCA action." *Gasho*, 39 F.3d at 1437. The court reasoned that this limitation on *Kreines* was appropriate because this "interpretation of § 2676 serves the interests of judicial economy. Plaintiffs contemplating both a *Bivens* claim and an FTCA claim will be encouraged to pursue their claims concurrently in the same action, instead of in separate actions." *Id.* at 1438.

10

2012, I ordered that "[j]udgment is entered in favor of the United States and against plaintiff on Count IV." *Kreider*, 2012 U.S. Dist. LEXIS 4268, at *28. Indeed, other courts have interpreted the term "judgment" in this context to include interlocutory orders. *See, e.g.*, *Kaufman v. Baynard*, No. 10-0071, 2012 U.S. Dist. LEXIS 32557, at *34-35 (S.D. W. Va. Feb. 3, 2012) ("Based on the foregoing, the undersigned finds that the District Court's dismissal of Plaintiff's FTCA claim for failure to exhaust constitutes a judgment for purposes of Section 2676."); *Sanchez*, 2011 U.S. Dist. LEXIS 116295, at *25 (concluding that a dismissal for failure to exhaust administrative remedies triggered section 2676 because "the statute, by its terms, speaks of 'judgment.' Congress did not modify, and thus did not limit, the word in any manner"). Such a construction is not altogether unreasonable.

On the other hand, the word "judgment" is a legal term of art. Black's Law Dictionary defines "judgment" as "[a] court's *final* determination of the rights and obligations of the parties in a case." *Black's Law Dictionary* (8th ed. 2004) (emphasis added); *see also Harris*, 422 F.3d at 334-35 (citing Black's definition of "judgment" when considering whether a judgment in favor of the government on an FTCA claim is treated the same under section 2676 as a judgment against the government on an FTCA claim). And the concept of finality is central to other definitions of "judgment" as well. *See, e.g.*, Bryan A. Garner, *Garner's Dictionary of Legal Usage* 476 (3d ed. 2011) ("In [American English] a judgment is the *final* decisive act of a court defining the rights of the parties." (emphasis added)); *The Oxford Companion to American Law* 438 (Kermit L. Hall et al. eds., 2002) ("Judgments: the *final* authoritative disposition of a mater that may be in dispute before a court." (emphasis added)).

Several district courts have held that the term "judgment" as it is used in section 2676

does not encompass non-final orders. *See e.g.*, *Maxwell v. Dodd*, No. 08-11326, 2009 U.S. Dist. LEXIS 105469, at *11 (E.D. Mich. Nov. 12, 2009) ("[T]he Court is unaware of any precedent interpreting a dismissal without prejudice as a judgment implicating the judgment bar."); *Krieger v. U.S. Dep't of Justice.*, 529 F. Supp. 2d 29, 55-56 (D.D.C. 2008) ("In the present case, it is not clear to the Court that this provision would extend to a prior ruling, as the Court has not entered a final judgment in this case"); *Michalik v. Hermann*, No. 99-3496, 2002 U.S. Dist. LEXIS 24274, at *7 (E.D. La. Dec. 16, 2002) ("[S]ection 2676 speaks of a judgment not an interlocutory order or decision."), *rev'd on other grounds*, 422 F.3d 252 (5th Cir. 2005). Furthermore, several other courts, while not explicitly addressing whether the judgment bar is triggered by non-final judgments, appear to read a requirement of finality into the text of section 2676 nevertheless. *See, e.g.*, *Trentadue*, 397 F.3d at 858 ("[T]he judgment bar in § 2676 precludes plaintiffs from bringing a *Bivens* claim regarding the same subject matter regardless of whether the *final* FTCA judgment is rendered in favor of a plaintiff or the government." (emphasis added)); *Farmer*, 275 F.3d at 962 ("By its terms Section 2676 makes a *final* judgment on an FTCA claim preclusive against any *Bivens* action based on the same underlying complaint" (emphasis added)); *Ortiz v. Pearson*, 88 F. Supp. 2d 151, 165-67 (S.D.N.Y. 1999) ("[T]he FTCA expressly bars a plaintiff from recovering damages against an employee of the government after securing *final* judgment on an FTCA claim arising out of the same facts." (emphasis added)). Indeed, Detective Breault's own brief speaks of final judgments. (Def.'s Br. at 7 ("[A] *Bivens* claim regarding the same subject matter is barred regardless of whether the *final* FTCA judgment is rendered in favor of a plaintiff or the government." (emphasis added)).) Thus, interpreting section 2676 to incorporate this settled understanding of "judgment" is eminently reasonable.

12

Having concluded in this narrow context that the statute is ambiguous as noted in *Kreines* and ambiguous with respect to finality, I must look to cannons of statutory construction as well as to congressional intent for guidance.

"It is a well-established rule of construction that 'where Congress uses terms that have accumulated settled meaning under . . . the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms.'" *Neder v. United States*, 527 U.S. 1, 21 (1999) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322 (1992) (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989))). As noted above, modern legal dictionaries suggest that a "judgment" is a *final* determination of a court. The centrality of finality to the term "judgment" is not of recent vintage, but is deeply rooted in the common law. *See* 1 Henry Campbell Black, *The Law of Judgments* 2 n.1, 5 (1891) (noting that "[a] judgment is the *final* consideration and determination of a court of competent jurisdiction upon the matters submitted to it" and that in states that had adopted modern codes of procedure abolishing the distinction between law and equity, "[t]he most usual definition [of a judgment] is the *final* determination of the rights of the parties in an action or proceeding." (internal quotation marks omitted and emphasis added)); 1 A. C. Freeman, *Law of Judgments* 3-5 (5th ed. 1925) ("A judgment, except where the signification of the word has been changed by statute, is defined as being . . . the *final* consideration and determination of a court of competent jurisdiction upon the matters submitted to it. . . . The use of the term 'judgment' ordinarily implies a *final* judgment." (internal quotation marks omitted and emphasis added)). Thus, the settled meaning of "judgment" under the common law supports the inference that

13

Congress intended to bar claims against federal officials arising from the same subject matter as an FTCA claim only after final judgment on an FTCA claim has been obtained.

Additionally, "a court appropriately may refer to a statute's legislative history to resolve statutory ambiguity." *Toibb v. Radloff*, 501 U.S. 157, 162 (1991). Congress had two purposes in mind when it enacted the judgment bar—Congress sought to prevent plaintiffs from obtaining dual recoveries and sought to prevent the government from bearing the burden of defending multiple lawsuits. *Gasho*, 39 F.3d at 1437. Neither purpose would be served by barring plaintiff from proceeding on her *Bivens* claim here. Plaintiff brought both her *Bivens* claims against Detective Breault and her FTCA claims against the United States together in one action, so the judgment bar is unnecessary to guard against the government's having to defend multiple lawsuits. Additionally, at this point in the litigation, plaintiff has not yet recovered against either the United States or Detective Breault, so the judgment bar would not serve to prevent dual recoveries.

Furthermore, where a plaintiff combines her *Bivens* and FTCA claims in a single action, interpreting section 2676 to apply only after final judgment has been entered is consistent with the congressional intent to afford injured parties complementary causes of action under *Bivens* and the FTCA. *See Carlson*, 446 U.S. at 20, 23. Plaintiff did not file a motion for summary judgment and did not herself "pursue those claims to judgment." *Manning*, 546 F.3d at 435. Rather, it was defendants who sought summary judgment and plaintiff who opposed it. If I were to apply section 2676 to the non-final order here, the judgment bar would no longer serve to "impose[] an election of remedies," *Ting*, 927 F.2d at 1513 n.10, but would effectively nullify plaintiff's ability to make that election, vesting that strategic choice in defendants instead. I will

14

not strip plaintiff of her prerogative to pursue both a *Bivens* claim and an FTCA claim in contravention of congressional intent.[10] *Maxwell*, 2009 U.S. Dist. LEXIS 105469, at *9 ("Unless and until a final judgment enters on an FTCA claim, then, plaintiffs retain the ability to choose between the remedies.").

In sum, it is unclear under section 2676 whether a non-final judgment in favor of the United States on an FTCA claim precludes plaintiff from pursuing a *Bivens* claim in the same action. In light of congressional intent and common-law understanding, I hold, in this narrow context, that it does not. Therefore, I will deny Detective Breault's motion.

Finally, even if I were to conclude that the language of judgment bar unambiguously supports Detective Breault's reading of the statute, I could not adopt this overly literal meaning, as such an interpretation would lead to absurd results. Detective Breault emphasizes that the judgment bar "is plainly written." (Reply Br. of Fed. Def., Detective Roland W. Breault, in Supp. of Mot. for Summ. J. Pursuant to 28 U.S.C. § 2676 at 5.) However, my duty to apply the plain language of a statute, if it is so written, is not without qualification. Rather, "when the statute's language is plain, the sole function of the courts—*at least where the disposition required by the text is not absurd*—is to enforce it according to its terms." *Lamie*, 540 U.S. at 534 (internal quotation marks omitted) (emphasis added). These are not hollow words. "Unquestionably the courts, in interpreting a statute, have some 'scope for adopting a restricted rather than a literal or usual meaning of its words where acceptance of that meaning would lead to absurd results . . . or

---

[10] Detective Breault argues that "trial on the assault and battery claims will result in a judgment and the result of that judgment, whether favorable to plaintiff or not, will additionally serve to bar plaintiff's *Bivens* claim." (Def.'s Mem. at 8 n.3.) This argument is premature. Plaintiff may not obtain a favorable judgment on her *Bivens* claim or she may still withdraw her FTCA claims.

would thwart the obvious purpose of the statute.'" *Comm'r v. Brown*, 380 U.S. 563, 571 (1965) (quoting *Helvering v. Hammel*, 311 U.S. 504, 510-11 (1941)). Thus, the Third Circuit has instructed that "statutory interpretations 'which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *United States v. Abbott*, 574 F.3d 203, 210 (3d Cir. 2009) (quoting *First Merchs. Acceptance Corp. v. J.C. Bradford & Co.*, 198 F.3d 394, 403 (3d Cir. 2000), and concluding that "[e]ven if the language of the statute plainly supported [the suggested] interpretation, we would be loathe to adopt it because" of the absurdity that would result), *aff'd*, 131 S. Ct. 18 (2010).

The meaning ascribed to the judgment bar by Detective Breault would produce an unduly harsh result here that is, quite frankly, absurd. In essence, Detective Breault would have me conclude that because his alleged conduct is not, as a matter of law, "*so outrageous* in character and *so extreme* in degree as to go beyond all possible bounds of decency and to be regarded as *atrocious* and *utterly intolerable* in a civilized society," *McGreevy*, 413 F.3d at 371 (internal quotation marks omitted) (emphasis added), as required to sustain an IIED claim, plaintiff has forfeited any right to proceed on her excessive-force claim, which only requires a showing that Detective Breault's actions were *unreasonable*.[11] The standards governing an IIED claim and an excessive-force claim are vastly different—it defies logic to prohibit plaintiff's excessive-force claim from being heard merely because she cannot clear the high hurdle of an IIED claim.[12] I do

_____

[11] Pennsylvania law also requires medical support for an IIED claim. Although plaintiff alleged that she received medical care for her emotional distress, Pennsylvania law requires more than mere allegations. Plaintiff did not provide any objective proof of severe emotional distress, and so defendant was entitled to summary judgment on this alternative basis.

[12] This is even more absurd in light of "the general commonsense point that such conclusive carry-over effect should not be accorded a judgment which is considered merely

not believe that an injured party's right to her "day in court" is so fragile as that.

Admittedly, plaintiff's inclusion of a claim for intentional infliction of emotional distress may have been a stretch, albeit a stretch well within the bounds of zealous representation by her counsel and within the commonplace practice of pleading claims in the alternative. Nevertheless, the appropriate remedy for such overreaching is entry of summary judgment on (or dismissal of) *that* claim—as did in fact occur in this litigation—not the entry of summary judgment on (or dismissal of) *another* claim. This is especially true where, as here, plaintiff has adduced sufficient evidence from which a rational juror could find in her favor with respect to that other claim. *See Kreider*, 2012 U.S. Dist. LEXIS 4268, at *18-20.

Furthermore, Detective Breault's reading of the judgment bar, taken to its logical end, would produce a whole host of absurd results that are inconsistent with congressional intent. Under a literal reading of the "plain language" of section 2676, the judgment bar is triggered by any judgment on an FTCA claim regardless of (1) the finality of the judgment; (2) the scope of the judgment (i.e., whether the judgment is on all or some of the FTCA claims); (3) the nature of the judgment (i.e., whether the judgment is on the merits or is procedural in nature); (4) the quality of the judgment (i.e., who the prevailing party is); (5) the basis of the judgment (i.e., whether equivalent legal standards govern); (6) the timing of the judgment (i.e., whether a prior *Bivens* judgment has been entered); and (7) the multiplicity of lawsuits (i.e., whether the *Bivens* and FTCA claims were brought together or in separate actions).

---

tentative in the very action in which it was rendered. On the contrary, the judgment  must ordinarily be a firm and stable one, the 'last word' of the rendering court—a 'final' judgment." Restatement (Second) of Judgments § 13 cmt. a (1982).

I need not indulge in a hypothetical parade of horribles, which would be numerous, to make my point—a brief review of the arguments advanced by the government in other cases will do instead. The government's literal reading of section 2676 knows no logical bounds. For example, in *Michalik*, 2002 U.S. Dist. LEXIS 24274, at *5-7, the government argued that the judgment bar was triggered by the court's earlier "interlocutory order" dismissing the plaintiffs' FTCA claims with prejudice for lack of subject-matter jurisdiction. The government has also argued that an order dismissing an FTCA claim without prejudice implicates the judgment bar, *see Maxwell*, 2010 U.S. Dist. LEXIS 39091, at *7-10 (rejecting the government's position that a jury verdict in favor of plaintiffs on a *Bivens* claim had to be vacated because the court had previously dismissed plaintiffs' FTCA claims without prejudice for failure to exhaust administrative remedies and plaintiff had elected not to continue pursuing those claims), and indeed has actually convinced a court of this position, *see Sanchez*, 2011 U.S. Dist. LEXIS 116295, at *25 ("The answer to the question of whether the judgment bar is triggered [by] . . . judgments based on . . . venue . . . lies once again with the plain terms of the statute."). Straining the bounds of logic even further, in *Palma v. Dent*, No. 06-6151, 2007 U.S. Dist. LEXIS 53164, at *14 (N.D. Cal. July 12, 2007), the government argued that the plaintiff's voluntary dismissal of her FTCA claim implicated the judgment bar. I will not countenance such arguments or the results they entail.

Fortunately, as I explained above, the statute bears an "alternative interpretation[] consistent with the legislative purpose" that would avoid an absurd result here. *Abbott*, 574 F.3d at 210-11.

**III.     Conclusion**

I am moved by congressional intent, common-law understanding, and basic fairness to deny Detective Breault's second motion for summary judgment. An appropriate order follows.