# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                                      |   |                    |
|--------------------------------------|---|--------------------|
| LORI M. KREIDER                      | : | CIVIL ACTION       |
| v.                                   | : |                    |
| UNITED STATES OF AMERICA, ET AL.     | : | NO. 10-cv-3205     |

## MEMORANDUM

YOHN, J.                                                                                April 8, 2013

      Plaintiff, Lori M. Kreider, has filed a motion for reconsideration of my February 27, 2013 Order dismissing her case with prejudice because of death threats she made to a pivotal witness, Kyjuan Shivers. I issued the Order after holding an evidentiary hearing where I found Shivers's testimony with respect to Kreider's death threats to be credible. Kreider now challenges that Order, and requests that I reopen her case. After consideration of the arguments set forth in Kreider's motion for reconsideration, and the responses thereto by the United States and Detective Roland Breault, and the City of Lancaster, I will deny Kreider's motion for reconsideration for the reasons set forth below.

I.      **STANDARD OF REVIEW**

      "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A court may grant a motion for reconsideration if the moving party demonstrates at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.*" Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere dissatisfaction with a court's ruling, however, is not a proper basis for reconsideration, *see Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999), and such a motion should not be used "to merely attempt to convince the court to rethink a decision it has already made," *Colon v. Colonial Intermediate Unit 20*, 443 F. Supp. 2d 659, 667 (M.D. Pa. 2006). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## II.   DISCUSSION

Kreider advances three arguments in her motion for reconsideration. First, she argues that her case should be reopened because Shivers's testimony at his deposition and at the evidentiary hearing on February 27, 2013, was a lie. (Mot. for Recon. 1.) Second, she asserts that she did not receive all of the documents she requested from Detective Breault's personnel file—documents she believes would show a pattern of misconduct by the detective; thus, she argues that dismissal of her case was premature. (*Id*. 3.) Third, she argues that she is now able to pay a monetary sanction, and requests that the court impose that punishment in lieu of dismissal and reopen her case. (*Id*. 1.) These arguments are neither persuasive, nor are they grounds to grant her motion.

Kreider's argument that Shivers's testimony at both his deposition and at the evidentiary hearing was not credible is simply a rehash of arguments she has previously made, most recently

at the evidentiary hearing on February 27, 2013.  Furthermore, the additional evidence that Kreider presents to support her argument of Shivers's noncredible testimony—alleged inconsistencies in Shivers's affidavit and an affidavit of probable cause relating to an incident between Shivers and a third party that demonstrates a possible discrepancy in Shivers's past residences—was available at the time of the evidentiary hearing.  "Motions for . . . reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'"  *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.").  Her argument against Shivers's credibility is merely an attempt to have me rethink a decision I have already made, which is not the purpose of a motion for reconsideration.  Accordingly, that argument fails.

  Kreider's second argument—that her case was prematurely dismissed because she should have been provided with additional information from Detective Breault's personnel file—has absolutely no bearing on the Order dismissing her case, and is therefore irrelevant.  I dismissed Kreider's case because she made death threats to a very significant witness.  Nothing in Detective Breault's personnel file would change that fact.  Because this argument does not invoke any of the three appropriate methods by which a court should reconsider a decision, it also fails.

  Finally, Kreider's argument that her case should be reopened because she can now pay a monetary sanction is also meritless.  This argument rests upon a position that is counter to the one she took at the evidentiary hearing.  "Reconsideration is not permitted simply to allow a

'second bite at the apple.'" *In re W.R. Grace & Co.,* 398 B.R. 368, 372 (Bankr. D. Del. 2008) (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). Moreover, her argument assumes that her ability to pay a fine would have ultimately changed the outcome of the evidentiary hearing. My decision to dismiss the case was based on the consideration of a number of factors, *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), of which Kreider's ability to pay a monetary sanction was but one. Thus, because her argument is not grounded in one of the three recognized reasons in petitioning for reconsideration, it fails as well.

### III.  CONCLUSION

For the reasons stated above, Kreider's motion for reconsideration will be denied. An appropriate order follows.